UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TELEMEDIA COMMUNICATIONS, INC.,

    Plaintiff,

vs.

                                                      Case No.: 8:07-cv-1112-T-17-MAP

ST. FRANCIS INVESTMENT
PROPERTIES, L.P., a California
limited partnership,

    Defendant.

_____/

## ORDER ON ST. FRANCIS INVESTMENT PROPERTIES, L.P.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

This matter is before the Court on Defendant, St. Francis Investment Properties, L.P.'s, Motion to Dismiss Plaintiff's Amended Complaint, filed on June 18, 2007 (Dkt. 3) and on Plaintiff, Telemedia Communications, Inc.'s, Memorandum of law in opposition to Defendant's Motion to Dismiss, filed on September 17, 2007 (Dkt. 16).

## BACKGROUND

Telemedia Communications, Inc. ("Plaintiff") is a Maryland corporation, with its principal place of business in Auburndale, Florida. (Dkt. 2). St. Francis Investment Properties, L.P. ("Defendant") is a California limited partnership with its principal place of business in California. (Dkt. 3). The Summit at Cross Creek, LLC, which is not a party to this action, was a South Carolina limited liability company that owned and operated The Summit at Cross Creek ("The Summit"), a multi-unit apartment complex in the City of Central, Pickens County, South

Carolina.

On April 30, 1998, Plaintiff and The Summit at Cross Creek, LLC, entered into a Reception and Television distribution Agreement (the "Distribution Agreement") wherein Plaintiff was to provide cable television services to The Summit. (Dkt. 3). This dispute relates to the cable television services provided by Plaintiff at The Summit.

On June 24, 2004, Defendant entered into an agreement with The Summit at Cross Creek, LLC ("Purchase Agreement") for the purchase of The Summit. (Dkt. 3). Plaintiff continued to provide cable service to The Summit after its sale to the Defendant. Due to Defendant's apparent dissatisfaction with Plaintiff's services, Defendant sent Plaintiff a notice of purported breach on or about June 12, 2006 (Dkt. 3). On or about June 16, 2007, Plaintiff sent a letter to Defendant disputing that it failed to perform under the Distribution Agreement. (Dkt. 3). On or about October 2, 2006, Defendant notified Plaintiff that the cure period under the agreement had expired and purported to terminate the Distribution Agreement. (Dkt. 3). On May 11, 2007, Plaintiff filed the instant case, alleging that Defendant is subject to jurisdiction in Florida. Defendant filed its Motion to Dismiss, claiming that no such jurisdiction exists.

## DISCUSSION

**I.     Specific Jurisdiction under 48.193(1)(g)**

In a federal diversity action, the presence or absence of personal jurisdiction is determined according to the law of the state in which the district court is situated. *Pizzabiocche v. Vinells*, 772 F.Supp. 1245 (M. D. Fla. 1991). This Court must first look to the applicable state long-arm statute, in this case, Florida Statute Section 48.193.

Although, as Defendant claims, the mere failure to pay money in Florida is insufficient basis for jurisdiction, the failure to perform an act required by contract to be performed in

Florida does establish sufficient jurisdictional basis under Florida Statute Section 48.193 (1)(g). Due to Defendant's alleged failure to perform acts implicitly required by the Distribution Agreement to be performed in Florida— regular payment to Plaintiff for Plaintiff's services— Defendant is subject to specific jurisdiction in Florida under 48.193(1)(g).

## II.    Due Process Requirements

The requisite minimum contacts required by due process are not built into Florida's long-arm statute. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989). Where a defendant has not established "minimum contacts" within the forum state, an allegation that the Defendant is subject to the requirements of the forum's long-arm statute is insufficient to establish personal jurisdiction because the constitutional requirements of due process are not necessarily satisfied. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462; *Venetian Salami*, 554 So. 2d 499 (holding that "mere proof of any one of the several circumstances enumerated in [Florida's long-arm statute] . . . does not automatically satisfy the due process requirement of minimum contacts").

Here, Defendant, as successor in interest to The Summit at Cross Creek, LLC, stepped into the shoes of its predecessor entity for the purpose of jurisdiction. *Voorhees v. Cilcorp Inc.*, 837 F.Supp. 395 (M. D. Fla. 1993). The Distribution Agreement, as incorporated into the Defendant's Purchase Contract, mandated that regular payments were to be made by Defendant to Plaintiff, and Plaintiff's office is listed in the contract at a Florida address. All payments by Defendant to Plaintiff, as demonstrated by the parties' course of dealing, were made to Plaintiff's Florida address. *See Armaly*, 533 So. 2d 920 (considering parties' course of dealing to determine where payments were to be made under a contract).

As successor in interest to the Distribution Agreement, Defendant in essence entered into a contractual relationship with a Florida entity. This Distribution Agreement evidenced Defendant's consent to Florida's governing law. These facts, in combination with Defendant's regular performance in Florida, via its payments made to Plaintiff in Florida, satisfy as a matter of law, constitutional due process for the assertion of personal jurisdiction. *Vacation Ventures Inc., v. Holiday Promotions Inc.*, 687 So. 2d 286. In *Vacation Ventures*, the court relied upon the following facts supported a conclusion that jurisdiction was proper: (1) the plaintiff was a Florida corporation with its principal offices located in Florida; (2) the defendant entered into a contract with the plaintiff to purchase from the plaintiff travel certificates, some of which provided for services to be rendered in Florida; (3) the contract between the parties contained a consent to Florida law, venue, and jurisdiction in the event of subsequent litigation; (4) pursuant to the contract and the parties' course of dealing, payment from the defendant was due in Florida and payments were in fact made in Florida prior to the alleged default; and (5) pursuant to the contract, the defendant agreed to provide certain documentation to the plaintiff in Florida. *Armaly v. Practice Mgmt. Assoc. Inc.*, 533 So. 2d 920 (Fla. 2d DCA 1988).

In *Armaly*, the Second District affirmed the trial court's ruling that Florida courts had personal jurisdiction over a South Carolina defendant. The plaintiff, a Pinellas County corporation, contracted with the defendant for the plaintiff's performance of consulting services for the defendant. The plaintiff sued for non-payment and the contract contained a choice of forum clause recognizing that the law of Florida. The contract additionally provided that the defendant would send weekly reports to the plaintiff's Pinellas County office. No place of payment was designated.

The appellate court noted that the prerequisites of subsection 48.193(1)(g) were fulfilled

and went on to consider the constitutional requisites for personal jurisdiction. The court held that the necessary minimum contacts were present because the contract: (1) called for the defendant to provide regular weekly reports to the plaintiff in Florida, and (2) specifically provided for its interpretation under Florida law as well as for exclusive jurisdiction in Florida.

The *Armaly* court contrasted the case before it with its earlier decision in *Osborn v. University Society, Inc.*, 378 So.2d 873 (Fla. 2d DCA 1979) where the constitutional requisites were not found. The court explained in *Osborn* that the execution of a contract with a Florida resident does not establish sufficient minimum contacts even where the defendant's failure to pay falls within the wording of subsection 48.193(1)(g).

The distinguishing factors between *Armaly* and *Osborn* were: (1) the contractual requirement in *Armaly* that the defendant provide regular weekly reports to the plaintiff in Florida, and (2) the consent to Florida's jurisdiction provision contained in the contract. It was these factors, the *Armaly* court found, that gave the non-resident defendant sufficient minimum contacts with this state.

Here, the defendant, as successor in interest to The Summit at Cross Creek, LLC, stepped into the shoes of its predecessor entity for the purpose of jurisdiction. *Voorhees v. Cilcorp Inc.*, 837 F.Supp. 395 (M. D. Fla. 1993). The Distribution Agreement, as incorporated into the Defendant's Purchase Contract, impliedly mandated that the Defendant's performance was to be completed in Florida. As demonstrated by the parties course of dealing, all payments made by Defendant under this agreement, were made to Plaintiff's Florida address. The agreement itself mandated its governance by Florida law.

Due process requires that the defendant's conduct and connection with the forum state be

such that the defendant could reasonably anticipate being called into court there. *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). For instance, [standing alone] the existence of a contractual relationship between a nonresident defendant and a Florida resident is not sufficient in itself to meet the requirements of due process. *Jet Charter Service*, 907 F.2d at 1113; *Burger King Corp.*, 471 U.S. at 462. Similarly, the mere failure to pay money in Florida would not suffice to obtain jurisdiction over a nonresident defendant. *Venetian Salami*, 554 So. 2d at 503 (wherein trial court was requested to conduct evidentiary hearing to reconcile parties' affidavits containing conflicting information as to the location at which a contract was entered into by the parties, and where payment was to be made). However, by: (1) making regular payments to Florida; (2) under the eleven-year Distribution Agreement with a Florida Company entered into by Defendant's predecessor in interest; (3) which mandated governance by Florida law, it is reasonable for the Defendant to anticipate being haled into a Florida court, and to require Defendant to defend this action in Florida comports with fair play and substantial justice. Accordingly, it is:

**ORDERED** that Defendant St. Francis Investment Properties, L.P.'s Motion to Dismiss

Plaintiff's Amended Complaint be **DENIED** and Defendant shall have ten (10) days from this date to answer the Complaint.

      **DONE AND ORDERED** in Chambers, in Tampa, Florida on this 16th day of November, 2007.

*/s/ Elizabeth A. Kovachevich*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE